IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

GLADYS GOLL,                              )
                                         )
            Plaintiff,                    )    TC-MD 210209N
                                         )
      v.                                  )
                                         )
DEPARTMENT OF REVENUE,                    )
State of Oregon,                          )
                                         )
            Defendant.                    )    **DECISION**

Plaintiff appealed Defendant's Notice of Proposed Refund Adjustment, dated April 9,

2021, for the 2020 tax year.  A trial was held remotely on July 21, 2021.  Plaintiff appeared and

testified on her own behalf.  Adama Robinson (Robinson), Plaintiff's childcare provider, also

testified on behalf of Plaintiff.  Peggy Ellis, tax auditor, appeared on behalf of Defendant.

Plaintiff's Exhibit 1[1] and Defendant's Exhibits A to D were received without objection.

I.  STATEMENT OF FACTS

Plaintiff worked for the Oregon State Hospital in 2020.[2]  She worked 13-hour 20-minute

shifts from 7:45 p.m. to 9:05 a.m. Friday through Sunday, and often worked additional hours on

Wednesdays and Thursdays.  Plaintiff made between $3,500 and $4,200 per month depending on

overtime.  Plaintiff's children — ages 3 and 15 in 2020 — often slept during some of the care

hours.  Her older child is disabled.  (*See* Compl at 20.)

Due to the pandemic, Plaintiff could not send her children to school or to a childcare

provider outside of her home, but she still had to go to work.  She changed childcare providers

---

[1] Plaintiff's Exhibit 1 is her Complaint and attachments.  The parties agreed during a case management
conference held May 24, 2021, that Plaintiff could rely on those documents at trial.

[2] Unless otherwise noted, all facts are based upon Plaintiff's testimony.

due to the pandemic.[3] Plaintiff asked Robinson, who lived in the same house as her, to watch her children and offered to pay him the same rate that she paid her provider in 2019. Robinson is a distant relative of Plaintiff's from the same town in Africa. Plaintiff and Robinson each rented housing from a third party. Plaintiff paid $800 per month in rent by cash or money order.

Robinson testified that he worked at a food packing plant and had his hours cut during the pandemic. He testified that he made $12 per hour in food packing and sent money to Africa to support his children there. Robinson testified that he made $20,000 to $25,000 in 2020 from food packing. He testified that he watched Plaintiff's children in 2020, received cash payments, and signed the letter attached to the Oregon form OR-PS "Care Provider Statement" for the 2020 tax year. (*See* Ex C.) Robinson testified that he failed to report his childcare income on his own tax return; it was his first time filing and it was a mistake that he did not know how to fix.

On the 2020 Oregon "Care Provider Statement," Robinson reported receiving $6,065 to care for Plaintiff's younger child and $12,000 to care for Plaintiff's older child. (Ex C at 1.) He attached a supporting letter breaking down payments received per child with $1,000 per month for the older child and payments ranging from $140 to $1,000 per month for the younger child. (*Id.* at 3.) Robinson confirmed receipt of cash payments totaling $18,065 for childcare. (*Id.*) He wrote that he provided childcare services for Plaintiff's two children from Wednesday through Sunday in 2020 "at 8 [hours] per day total 40 [hours] per week * * *." (*Id.*)

Defendant inquired about why the payments fluctuated month to month if they were based on a set rate. Plaintiff testified in response that she paid her previous babysitter in January and wanted to pay more to cover shortages. She further testified that the letter attached to the

---

[3] The court takes notice that the governor declared a state of emergency on March 8, 2020, due to the COVID-19 pandemic. Plaintiff did not explain why Robinson began watching her children in January 2020, if she made the change due to the pandemic.

2020 Oregon "Care Provider Statement" was prepared based on her 2019 filing[4] and the payment amounts were based on her bank statements.

Plaintiff provided bank statements detailing the following cash withdrawals:

| Mo | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sept | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Amt | $2,000 | $1,400 | $1,500 | $1,475 | $1,500 | $1,500 | $1,500 | $1,500 | $1,550 | $1,500 | | $1,140 |
| Date | 1/02 | 2/03 | 3/02 | 4/01 | 5/01 | 6/01 | 7/01 | 8/03 | 9/01 | 10/30 | | 12/01 |
| Other | | $3,060 | $30 | $4,800 | | | $150 | $150 | | | | |

(Compl at 9-19.) The first row lists cash withdrawals that Plaintiff identified as for childcare; the second row lists the date of childcare withdrawals; and the third row lists other cash withdrawals. (*See id.*) Plaintiff's withdrawals for childcare totaled $16,565 and her other cash withdrawals totaled $8,190. (*See id.*) Plaintiff paid in cash because she does not have a checkbook. She does not know how to write checks and worries about having a checkbook stolen.

Plaintiff claimed a Working Family Household and Dependent Care (WFHDC) credit of $8,460 for the 2020 tax year, based on $18,000 in childcare expenses. She testified that she submitted proof of her childcare payments in accordance with Defendant's request, noting that Defendant identified bank statements as acceptable proof. (*See* Ex C.) Defendant issued its Notice of Proposed Refund Adjustment denying Plaintiff's WFHDC credit[5] and Defendant asks the court to uphold its determination. (*See* Answer.)

---

[4] Defendant provided Plaintiff's 2019 form OR-PS "Care Provider Statement," completed in a similar fashion to the 2020 form, albeit for a different childcare provider. (Def's Ex D.) It reports payments totaling $10,500 for the younger child and $7,500 for the older child for an overall total of $18,000. (*Id.*) The attached supporting letter lists monthly payments of $400 for the younger child (with one $200 payment in December 2019) and monthly payments of $1,000 for the older child for May through December 2019 with lesser amounts in January through April 2019 for a "grand total" of $14,300 in 2019. (*Id.*)

[5] Plaintiff asked the court to "restore [her] disabled qualifying child state tax credit," citing ORS 316.099. (Compl at 1, 6.) ORS 316.099(3) allows an additional personal exemption credit for a child with a disability. It does not appear that item was adjusted, according to the Notice. The Notice states that Defendant determined Plaintiff's older child did not qualify for the WFHDC credit based on the age of the child. (*See id.* at 3, citing ORS 315.264.) Presumably Plaintiff's evidence of her older child's disability pertains to proving that the child qualified for the WFHDC credit based on disability. The issue was not addressed at trial.

## II. ANALYSIS

The issue before the court is whether Plaintiff is entitled to claim a WFHDC credit for the 2020 tax year based on childcare expenses she incurred in order to work.

ORS 315.264(1)(a)[6] provides a credit against tax otherwise due under ORS chapter 316 "in an amount equal to a percentage of employment-related expenses of a type allowable as a credit pursuant to section 21(c) of the Internal Revenue Code * * *."[7] The employment-related expenses for which a credit may be claimed are limited to $12,000 for one "qualifying individual" or $24,000 for two or more "qualifying individuals." ORS 315.264(1)(c)(C). The credit amount depends on the taxpayer's federal adjusted gross income and the age of the youngest qualifying individual.[8] ORS 315.264(2). Plaintiff bears the burden of proof and must establish her case by a preponderance of the evidence. ORS 305.427.

To claim the WFHDC credit, taxpayer must provide "evidence that an expense was paid on a certain date to a specific individual or entity by [the taxpayer]." *Shirley v. Dept. of Rev.*, TC–MD 130451D, 2014 WL 811543 at *3 (Or Tax M Div Mar 3, 2014) (discussing predecessor to current WFHDC credit). Typically, that evidence is supplied by canceled checks or other reliable proof of payment. *See id.* When a taxpayer pays for childcare in cash, adequate substantiation may be provided by "contemporaneous, signed receipts that include the date, the name of the individual who paid cash, and the amount paid." *Stade v. Dept. of Rev.*, TC–MD 150369N, 2016 WL 282206 at *4 (Or Tax M Div Jan 21, 2016). "In rare cases, bank statements

---

[6] The court's references to the Oregon Revised Statutes (ORS) are to 2019.

[7] IRC section 21 allows a credit for expenses for care of qualifying dependents that "enable the taxpayer to be gainfully employed."

[8] The credit is allowed only for children younger than 13 years old unless the child is disabled. ORS 315.264(2). Plaintiff supplied evidence that her 15-year-old child was disabled and Defendant did not rebut that evidence.

may substantiate some portion of a claimed credit when they are closely correlated with persuasive testimony and non-contemporaneous receipts." *Danielson v. Dept. of Rev.*, TC–MD 180154G, 2018 WL 4944537 at \*2 (Or Tax M Div Oct 10, 2018) (*citing Stade*).

Plaintiff chose to pay for childcare in cash and she failed to provide evidence such as contemporaneous receipts to support her claimed cash payments. Instead, she provided bank statements showing cash withdrawals. Plaintiff testified that she determined how much cash she paid to Robinson based on her bank statements. The bank statements show that Plaintiff had a relatively consistent practice of withdrawing approximately $1,500 in cash around the start of each month. That tends to support her and Robinson's testimony. However, Plaintiff testified that she paid other expenses in cash, including rent of $800 per month. That tends to undercut Plaintiff's claim that all the cash she withdrew at the start of each month was for childcare. Although Plaintiff made some additional cash withdrawals throughout the year, there was no discernible pattern consistent with paying monthly rent or other expenses.

Robinson's letter created more questions and conflicted with some of the testimony at trial. For instance, the letter states that he provided childcare eight hours per day, five days per week, whereas Plaintiff testified that she worked three 13-hour, 20-minute shifts with some additional overtime. The court could not determine the details of Plaintiff's agreement with Robinson; it may have been a flat monthly rate, but that raises a question of why payments for the younger child varied from $140 to $1,000 per month.

Ultimately, the court believes that Plaintiff needed childcare so that she could work, and the court further believes that she likely paid some amount to Robinson to provide childcare. Unfortunately, the court is unable to discern the amount of those payments from the evidence presented. This outcome underscores the importance of keeping reliable, contemporaneous

records rather than trying to recreate payment history based on memory and records that lack specificity, such as cash withdrawals on a bank statement.

## III. CONCLUSION

Upon careful consideration, the court concludes that Plaintiff has failed to meet her burden of proof that she is entitled to a WFHDC credit for the 2020 tax year. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this _____ day of October 2021

_____
ALLISON R. BOOMER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*Some appeal deadlines were extended in response to the Covid-19 emergency. Additional information is available at <u>https://www.courts.oregon.gov/courts/tax</u>*

*This document was signed by Presiding Magistrate Allison R. Boomer and entered on October 14, 2021.*